IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DENNIS CHAN LAI,<br><br>    Defendant. | Case No. 87-cr-000359-SC<br><br>ORDER DENYING DEFENDANT'S<br>MOTION NUNC PRO TUNC |

**I.  INTRODUCTION**

Now before the Court is Defendant Dennis Chan Lai's motion, styled as a motion nunc pro tunc for new judgment. ECF No. 769 ("Mot."). For the reasons set forth below, Mr. Lai's motion is DENIED.

**II. BACKGROUND**

Mr. Lai was indicted by a federal grand jury on charges of possession with intent to distribute a controlled substance, conspiracy, engaging in a criminal enterprise, interstate travel in

aid of racketeering, and possession of illegal weapons. Mr. Lai was convicted by a jury on 38 of the 40 counts on which he was indicted. The Court sentenced him to life imprisonment, followed consecutively by a 20-year sentence and a 10-year sentence, along with several sentences to be served concurrently. ECF No. 738 ("2009 Order") at 1-2.

Mr. Lai appealed his conviction. After remand for an evidentiary hearing, the Ninth Circuit affirmed Mr. Lai's conviction in its entirety. On September 18, 1995, Mr. Lai filed a motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a). ECF No. 619. The Court denied his motion. Mr. Lai appealed, and the Ninth Circuit (in an unpublished order) construed his motion as one under 28 U.S.C. Section 2255(a) and denied it. Docket No. 623 ("Lai Appeal"); United States v. Chan Lai, No. 95-10457, 1996 WL 468598, at *1 (9th Cir. 1996) (unpublished).

While his appeal to the Ninth Circuit was pending, Mr. Lai filed a motion to correct his sentence pursuant to 28 U.S.C. Section 2255. The Court denied that motion as well. On April 28, 1997, Mr. Lai filed another Section 2255 motion. The Court denied that motion on June 24, 1997, finding that Mr. Lai had failed to obtain an order from the Ninth Circuit permitting him to file a successive Section 2255 motion and stating that the motion merely raised the same arguments as the previous Section 2255 motion. On November 25, 1997, Mr. Lai filed another Rule 35 motion to correct his sentence, which the Court also denied. 2009 Order at 2-3.

Between 1997 and 2007, Mr. Lai sought authorization from the Ninth Circuit to file successive Section 2255 motions four times.

All four were denied. 2009 Order at 4. On April 13 2007, Mr. Lai filed a motion to vacate his sentence, alleging that he was prejudiced by the characterization of his original Rule 35 motion as a Section 2255 claim; his sentence was illegal under Fiore v. White; prosecutorial misconduct; impermissible use of race as a criterion in jury selection; Fourth Amendment search and seizure violations; and ineffective assistance of counsel. The Court denied that motion, finding that Mr. Lai had failed to seek the required certification from the Ninth Circuit for a successive Section 2255 motion. 2009 Order at 5-8. Mr. Lai appealed the order, but also sought an extension of time to file a motion for reconsideration. The Ninth Circuit affirmed the Court's denial of Mr. Lai's motion, United States v. Lai, 404 F. App'x 181, 182 (9th Cir. 2010), and this Court denied the extension of time. ECF No. 740. Mr. Lai nonetheless filed a motion for reconsideration, which the Court also denied. ECF No. 743.

On October 6, 2011, Mr. Lai filed a motion for a reduction of his sentence, which the Court construed as a motion seeking reduction of his sentence pursuant to Amendment 750 to the Federal Sentencing Guidelines. The Court denied the motion because Amendment 750 applied to crimes involving crack cocaine, but Mr. Lai was convicted for crimes related to powder cocaine. Additionally, Mr. Lai was not sentenced under the Sentencing Guidelines, so the Amendment did not apply to his sentence. ECF No. 761, at 1-2.

In 2012, Mr. Lai brought a petition in the Eastern District of California for a writ of habeas corpus pursuant to 28 U.S.C. Section 2241. Judge Michael Seng in the Eastern District found

3

1   that Mr. Lai brought many of the same arguments he had used in his
2   previous challenges to his conviction and sentence in this Court
3   and the Ninth Circuit.  Judge Seng found that:

> Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal court, not an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a habeas petition pursuant to § 2241 in this Court.

Lai v. Rios, No. 1:12-CV-00513 MJS, 2012 WL 4092411 at *2 (E.D. Cal. Sept. 17, 2012) reconsideration denied, 1:12-CV-00513 MJS HC, 2013 WL 1326629 (E.D. Cal. Mar. 29, 2013).

   On May 13, 2014, shortly before he filed this motion, Mr. Lai again sought authorization from the Ninth Circuit to file a successive Section 2255 motion.  The Ninth Circuit denied the authorization.  Lai v. United States, No. 14-71376 (9th Cir. July 3, 2014).

   Mr. Lai filed this motion, styled as a "Motion Nunc Pro Tunc," on May 29, 2014.  The Government filed an opposition, ECF No. 773 ("Opp'n"), and Mr. Lai filed a reply on July 16.  ECF No. 774 ("Reply").  The Court had allotted Mr. Lai forty-five days from the date of the Government's opposition to file his reply.  Mr. Lai attached a letter indicating that he might file additional documents before that time period expired.  ECF No. 774-1.  Mr. Lai's forty-five days expired on August 7.  He has not filed any other documents.

///
///
///

4

## III. DISCUSSION

Mr. Lai states several bases for his motion.  He argues: (1) the Antiterrorism and Effective Death Penalty Act (AEDPA) precluded him from raising all of his arguments in his first Section 2255 motion; (2) AEDPA was unconstitutionally applied retroactively to his case; (3) he is actually innocent; (4) ineffectiveness of counsel; (5) his sentence should be reduced according to <u>Fiore v. White</u>, 531 U.S. 225 (2001); (6) Fourth Amendment violations; and (7) double jeopardy.

Mr. Lai has styled his motion as a "Motion Nunc Pro Tunc," but his legal arguments make clear that it is a challenge to his sentence and conviction.  "A section 2255 motion to the sentencing court is generally the appropriate vehicle for challenging a conviction."  <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988).  The grounds upon which Mr. Lai seeks to challenge his sentence and conviction are precisely the grounds envisioned by Section 2255.  Section 2255 motions may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Indeed, Mr. Lai's motion is substantively identical to his petition for authorization from the Ninth Circuit for a successive Section 2255 motion.[1]  <u>Compare</u> Mot. at 1-5, 5-7, 9-64, <u>with</u> Successive Application at 2-5, 7-9, 9-

---

[1] There are some styling and organizational changes, and a few minor changes to the content.  Mr. Lai's petition to the Ninth Circuit also included one additional section not repeated in his motion before this Court (Issue XI).

5

62 <u>Lai v. United States</u>, No. 17-71376 (9th Cir. May 13, 2014) ("9th Cir. App.").

Both the content of Mr. Lai's arguments and his repetition of his application to the Ninth Circuit make it evident that this motion is a challenge to his sentence and conviction that should have been brought as a Section 2255 motion. "However, the unfortunate mislabelling of his motion is not necessarily fatal to maintaining [Lai's] claims [because] [t]he pleadings of a pro se inmate are to be liberally construed." <u>United States v. Johnson</u>, 988 F.2d 941, 943 (9th Cir. 1993) (internal quotation marks omitted). The Court will therefore construe his motion as a Section 2255 motion.

It is undisputed that Mr. Lai has already brought a Section 2255 motion. He therefore must have approval from the Ninth Circuit to file a second or successive motion under that section. 28 U.S.C. § 2255(h). This motion is an improper attempt to circumvent the Ninth Circuit's decision not to grant that approval. Indeed, many of Mr. Lai's arguments have already been considered or rejected by this Court or the Ninth Circuit. For example, Mr. Lai's reply merely repeats the same arguments based on <u>Castro v. United States</u>, 540 U.S. 375 (2003), that the Court previously rejected. <u>See</u> Reply at 3-6; 2009 Order at 5-6. Consequently, Mr. Lai's motion is DENIED.

///
///
///
///
///

**IV. CONCLUSION**

Mr. Lai's motion should have been brought as a Section 2255 motion. Because Mr. Lai has already brought a motion under that section, he must seek approval from the Ninth Circuit Court of Appeals to bring another. Mr. Lai has not sought, nor has the Ninth Circuit granted, that approval. Mr. Lai's motion nunc pro tunc for a new judgment is therefore DENIED.

IT IS SO ORDERED.

Dated: August FǦ, 2014    _____
                          UNITED STATES DISTRICT JUDGE